UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROY TAYLOR,<br><br>                              Petitioner,<br><br>-against-<br><br>COMMISSIONER MOLINA, ET AL,<br><br>                              Respondent. | 22-cv-09747 (ALC)<br><br>**OPINION & ORDER** |

**ANDREW L. CARTER, JR., United States District Judge:**

Plaintiff Roy Taylor, proceeding *pro se*, moves to sever and adjudicate his property claim on summary judgment. For the reasons that follow, Plaintiff's motion is **DENIED.**

## BACKGROUND

In the operative complaint, Plaintiff alleges that Defendants (1) used force and sprayed the Plaintiff with mace when he refused a search and order to stop resisting cuffing procedures; (2) demonstrated "deliberate indifference" to the Plaintiffs' request for medical treatment; (3) refused medical treatment, did not take his Plaintiff's temperature, restricted plaintiff's access within the clinic, and placed him with inmates who tested positive for COVID-19 in an infirmary unit; (4) denied him the right to bail; (5) delayed medical treatment for his left hand; and (6) took possession of two pairs of shoes, a beige multicolored linen dress shirt, and pant suit collectively worth $950, which are now lost. Regarding the sixth claim, Plaintiff alleges that after an officer advised him that he would place his property "in a safe place near a Captain's office", he never saw the items again. In the instant motion, Defendant argues that "there really isn't any dispute as to this issue of material facts", and therefore summary judgment on his loss of property claim is warranted.

**STANDARD OF REVIEW**

Pursuant to Federal Rule of Civil Procedure 21, a court may "sever any claim against a party." Fed. R. Civ. P. 21.1 "Severed claims become entirely independent actions to be tried, and judgment entered thereon, independently." *Hedgeye Risk Mgmt., LLC v. Dale*, 343 F.R.D. 367, 370 (S.D.N.Y. 2023) (internal alterations omitted). "Deciding whether to sever is 'committed to the sound discretion of the trial court.'" *Id*. (quoting State of New York v. Hendrickson Brothers, Inc., 840 F.2d 1065, 1082 (2d Cir. 1988)); see also *Salgado v. NYS Department of Corrections and Community Supervision*, 2018 WL 1663255, at *3 ("Courts have broad discretion to sever a party or a claim from a pending action.") (citing *German v. Federal Home Loan Mortgage Corp*., 896 F. Supp. 1385, 1400 (S.D.N.Y. 1995)).

On a motion to sever, the Court considers "(1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims." *Oram v. SoulCycle LLC*, 979 F. Supp. 2d 498, 502–03 (S.D.N.Y. 2013).  With regard to the first factor, claims arise out of the "same 'transaction or occurrence'" if there is a "logical relationship" between them. *Computer Assoc. Int'l v. Altai*, 893 F.2d 26, 29 (2d Cir. 1990).  Indeed, "the moving party bears the burden of demonstrating that 'severance is required to avoid prejudice or confusion and to promote the ends of justice.'" *Agnesini v. Doctor's Assocs., Inc*., 275 F.R.D. 456, 458 (S.D.N.Y. 2011).

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," Fed. R. Civ. P. 56(a). and where "the record taken as a whole could not lead a rational trier of fact to find

for the non-moving party." *Smith v. Cray, of Suffolk*, 776 F.3d 114, 121 (2d Cir. 2015) (quoting Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).  The moving party bears the burden of "demonstrat[ing] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  The Court "resolve[s] all ambiguities and draw[s] all reasonable inferences in the light most favorable to the nonmoving party." *Summa v. Hofstra Univ.*, 708 F.3d 115, 123 (2d Cir. 2013). Pro se litigants' submissions "must be construed liberally and interpreted 'to raise the strongest argument they suggest.'" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006) ). This Court has construed this motion with those considerations in mind.  However, "a party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." *Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010) (internal citations omitted).

It is generally improper to decide the merits of a case at the summary judgment stage where the inquiry "involves a dispute concerning state of mind and conflicting interpretations of perceived events." *Schmidt v. McKay*, 555 F.2d 30, 37 (2d Cir.1977) (citations omitted); see also *Equal Emp't Opportunity Comm'n v. Home Ins. Co.*, 672 F.2d 252, 257 (2d Cir.1982).  Similarly, where "the evidence is susceptible of different interpretations or inferences by the trier of fact," summary judgment is inappropriate. *Hunt v. Cromartie*, 526 U.S. 541, 542, 119 S.Ct. 1545, 143 L.Ed.2d 731 (1999); see also *Mayer v. Oil Field Sys. Corp.*, 803 F.2d 749, 756 (2d Cir.1986) (citation omitted).

## DISCUSSION

Based on these considerations, the Plaintiff has not demonstrated that severance of his property claim and summary judgment is warranted.  First, the Court concedes that the

allegations in the Complaint occurred at different times and involve separate, unrelated events, which collectively do not arise out of the same transaction or occurrence nor present common questions of law and fact.  On balance, however, it is in the interests of judicial economy to adjudicate these claims together, as the witnesses and evidence needed to prove or refute these claims is likely to overlap substantially.  In fact, plaintiff's claims may be adjudicated more expeditiously if these claims were adjudicated together instead of pursuing separate actions. Additionally, Plaintiff has not shown that he would suffer prejudice if this claim was not severed. Finally, a motion for summary judgment is not the appropriate vehicle to address this property loss claim when there is a dispute as to the material facts at issue.  Here, the Court would have to weigh conflicting evidence in the record and decide among the contrary inferences argued by both parties.  Therefore, it would be inappropriate to grant summary judgment at this stage of the proceeding.

## CONCLUSION

Based on the above, the Plaintiff's motion to sever and adjudicate his property claim on summary judgment is **DENIED**.  The Clerk of Court is directed to close the open motions at ECF No. 34 and 35.  This Court directs the parties to issue a joint status report on or before June 10, 2024.

**SO ORDERED.**

**Dated: May 9, 2024**
**New York, New York**

_____
 **ANDREW L. CARTER, JR.**
 **United States District Judge**