UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
ROY TAYLOR, :
                              *Plaintiff*, :
                                   :
      -against- :     1:22-cv-09747 (ALC)
                                   :
COMMISSIONER MOLINA et. al, :     <u>OPINION & ORDER</u>
                        *Defendants*. :
                                   :
------------------------------------------------------------------- x

**ANDREW L. CARTER, JR., District Judge:**

      Plaintiff, proceeding *pro se*, brought this action against Commissioner Molina, Dr. Goldberg, Captain Ferber, and Officers Carter, Whyte, and Fowling (collectively, "Defendants") (altogether, the "Parties"). Plaintiff's claims in this suit (which are numerous) boil down to an allegation that Defendants violated his rights by denying him medical treatment in contravention of both federal and state law. Dkt. No. 2. Presently before the Court are a series of related motions (Dkt. Nos. 76–84), all of which stem from Plaintiff's Motion for Reconsideration (Dkt. No. 76) of the Court's December 13, 2023 Order (Dkt. No. 50) denying Plaintiff's Motion to Compel defendants to provide a photo array of all medical staff at Anna M. Kross Center ("AMKC") working from 7 PM to 3 AM during the time he tested positive for coronavirus in December of 2021 (hereinafter, the "Motion"). The Court will address each motion in this Opinion.

### A. BACKGROUND

#### I.     Factual Background

    The Court assumes the Parties' familiarity with the factual background of this case, which is set forth more fully in the Opinion and Order (Dkt. No. 69) denying Plaintiff's motion to sever and adjudicate his property claim on summary judgment (Dkt. Nos. 34–35). Therefore,

1

the Court includes here only the facts relevant to the determination of this motion. In short, Plaintiff's Motion is premised on his belief that the Court erred in dismissing as moot his Motion to Compel Defendants to provide a photo array of "all med staff at AMKC Dr, Nurses & Nurse Practitioners alike working 7 to 3 AM during the time he tested positive for covid," (Dkt. No. 46 at 2) and denying his Motion for Summary Judgment on his Property Loss claim (Dkt. No. 34 at 1). Dkt. No. 50 at 1; Dkt. No. 69 at 4.

Of relevance to this Opinion are two releases that were executed by Plaintiff and the City of New York. Dkt. No. 81. The first general release was executed on February 9, 2022 (the "First Release"). *Id.*, Exhibit A at 2. In the First Release Plaintiff (who at that time was represented by counsel) agreed to, "voluntarily, knowingly, and willingly release[] and forever discharge[] the City of New York, its agents and employees from any and all liability [. . .] any and all claims, causes of action, suits [ . . .] for, upon, or by reason of any matter, cause or thing whatsoever that occurred through the date of [the] Release, with the sole exception[]" of several matters that were already pending at that time. Dkt. No. 81, Exhibit A at 1. Notably, this matter was not included in the list of pending matters in the First Release.

Following his execution of the First Release, on November 15, 2022, Plaintiff filed this lawsuit against the City of New York and numerous City employees, from alleged violations that occurred between 2018 and 2021 or 2022 at the latest. Dkt. No. 2. Then, on July 17, 2024, Plaintiff executed a second general release (the "Second Release"). The Second Release contained language similar to the First Release and again purported to release and discharge the City of New York, its agents, and employees "from any and all liability, claims, or rights of action alleging a violation of [Plaintiff's] civil rights and any and all related state law claims, from the beginning of the world to the date of this General Release." Dkt. No. 81, Exhibit B at 2.

The Second Release had an attached Stipulation of Settlement, and both the release and the stipulation contained a carve out provision that exempted several cases from the Release, including this matter. *Id*. With that important background, the Court now turns to the motions giving rise to this Opinion.

## II. Procedural History

The Court will now address the motions pending at Dkt. Nos. 76–84. The Court notes that Plaintiff's requests are not always clear, but because Plaintiff is proceeding *pro se*, the Court construes Plaintiff's motions "liberally . . . reading [his] submissions to raise the strongest arguments they suggest." *Publicola v. Lomenzo*, 54 F.4th 108, 111 (2d Cir. 2022) (quoting *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (internal quotation marks omitted). However, the "liberal treatment afforded to [Plaintiff] does not exempt [him] from compliance with relevant rules of procedural and substantive law." *Bell v. Jendell*, 980 F. Supp. 2d 555, 559 (S.D.N.Y. 2013) (citation and internal quotation marks omitted). *Pro se* litigants "are generally required to inform themselves [of the] procedural rules and to comply with them." *Caidor v. Onondaga County*, 517 F.3d 601, 605 (2d Cir. 2008) (citation omitted).

On December 3, 2024, Plaintiff Roy Taylor, proceeding *pro se*, submitted his Motion. In his Motion, in addition to seeking reconsideration, Plaintiff also asked the Court to issue a summary judgment opinion concerning Plaintiff's property loss claims in this action. Dkt. No. 76. On December 17, 2024, Defendants filed an opposition to Plaintiff's Motion (the "Opposition"). Dkt. No. 77. In their Opposition, Defendants argue that Plaintiff's Motion is (i) untimely under FRCP 59(e) and Local Rule 6.3, and (ii) improper at this time given Plaintiff's failure to answer the interrogatories necessary for Defendants to furnish the information Plaintiff seeks through the photo array. Dkt. No. 77 at 2. Defendants also asked the Court to either set a

3

discovery schedule in this matter and order Plaintiff to respond to Defendants' discovery requests, or grant Defendants leave to file a motion for judgment on the pleadings. *Id*. With respect to its request for leave to file a motion for judgment on the pleadings, Defendants argued that they should be granted leave to file because "the entirety of this action is barred by [the First Release]." *Id*. at 3.

On January 7, 2025, Plaintiff filed a Reply to Defendants' Opposition (the "Reply"). Dkt. No. 78. In his Reply, Plaintiff requested, what this Court interprets as, a status conference to discuss this matter. *Id*. at 1. In addition, Plaintiff made, what the Court construes as, an argument opposing Defendants' request for leave to file a motion for judgment on the pleadings. *Id*. Plaintiff's opposition to Defendants' request is based on the Second Release. *Id*. Plaintiff claims that the Second Release modified the First Release such that this action can proceed, and Plaintiff attached the stipulation of settlement, which was attached to the Second Release, to his Reply. *Id*. at 1, 35–39.

On February 5, 2025, Defendants, with leave of the Court, filed a Sur-Reply in Opposition to Plaintiff's Reply (the "Sur-Reply"). Dkt. No. 81. In their Sur-Reply, Defendants argued that the First Release barred Plaintiff from bringing this action, and that the Second Release has no bearing on this action because it did not alter the First Release. *See generally*, *Id*. On February 27, 2025, Plaintiff, without leave of the Court, filed a Response to Defendants' Sur-Reply (the "Response"). Dkt. No. 82. In his Response, Plaintiff reiterated the arguments he made on Reply. *See generally, Id*.

On March 11, 2025, Defendants filed a Letter notifying this Court that the version of Plaintiff's Response received by the Court was missing a page. Dkt. No. 83 at 1. In that same letter, Defendants brought to the Court's attention disparaging remarks made by Plaintiff about

both Defense Counsel and this Court. *Id*. at 1–2. This round of motion practice between the Parties concludes with a letter filed by Plaintiff on April 29, 2025, in which Plaintiff asked that the Court appoint him a pro bono attorney. Dkt. No. 84. For the reasons outlined below, Plaintiff's Motion (Dkt. No. 76), request for a status conference (Dkt. No. 78), and request for a pro bono attorney (Dkt. No. 84) are hereby **DENIED**. Defendants' requests for a discovery schedule, and for leave to file a motion for judgment on the pleadings (Dkt. No. 77), are hereby **DENIED**; Defendants' request for an order compelling Plaintiff to answer Defendants' discovery demands (Dkt. No. 77) is hereby **DENIED** with leave to re-file under the appropriate procedures.

### B.  DISCUSSION

#### I.    Plaintiff's Motion for Reconsideration

"The standards governing motions for reconsideration . . . are outlined in Local Civil Rule 6.3 and Rule 59(e) of the Federal Rules of Civil Procedure." *Range Rd. Music, Inc. v. Music Sales Corp.*, 90 F.Supp.2d 390, 391 (S.D.N.Y. 2000). The standards under these two rules are the same, and under FRCP 59(e), such a motion must be filed no later than 28 days after the entry of the judgment. Fed. R. Civ. P. 59(e); *Id*. A court may grant reconsideration where the moving party demonstrates that "there is an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Henderson v. Metro. Bank & Trust Co.*, 502 F.Supp.2d 372, 375-76 (S.D.N.Y.2007) (quotation marks and citations omitted).

As this Court has held before, "[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial

resources." *Canfield v. SS&C Techs. Holdings, Inc.*, 2021 WL 1026128, at *1 (S.D.N.Y. Mar. 17, 2021). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Cedar Petrochems., Inc. v. Dongbu Hannong Chem. Co.*, 628 Fed. App'x 793, 796 (2d Cir. 2015) (citation and quotation marks omitted).

The burden is on the movant to demonstrate that the Court overlooked controlling decisions or material facts that were before it on the original motion, and that might "'materially have influenced its earlier decision.'" *Anglo Am. Ins. Group v. CalFed, Inc.*, 940 F.Supp. 554, 557 (S.D.N.Y.1996) (quoting *Morser v. AT & T Information Sys.*, 715 F.Supp. 516, 517 (S.D.N.Y.1989)). A moving party may not use a motion for reconsideration as a means to "relitigate[e] old issues, present[] the case under new theories, secur[e] a rehearing on the merits, or otherwise tak[e] a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks and citation omitted). In addressing Plaintiff's Motion, the Court is mindful that "the plaintiff is proceeding *pro se* and that his submissions should be held 'to less stringent standards than formal pleadings drafted by lawyers,'. . . [but his] *pro se* status 'does not exempt [him] from compliance with relevant rules of procedural and substantive law.'" *Greenblatt v. Gluck*, 265 F. Supp. 2d 346, 350 (S.D.N.Y. 2003) (citations omitted).

Here, Plaintiff filed his Motion on December 3, 2024, nearly a year after the Court's December 13, 2023 ruling. Plaintiff's Motion was thus filed well beyond the 28-day deadline imposed by the Federal Rules, and Plaintiff has not moved this Court for an extension or other

6

relief regarding this deadline. Plaintiff's Motion is thus untimely, which alone is sufficient to warrant denial, but a review of the merits of Plaintiff's Motion fares no better.

Plaintiff has failed to present the Court with any new facts or law that would justify overturning the December 13, 2023 ruling (Dkt. No. 50). At the time of that ruling, the Court carefully considered Plaintiff's argument that he required a photo array to identify the parties that denied him medical treatment in December 2021. *See* Dkt. No. 46 at 1–2. The Court weighed Plaintiff's arguments against the considerations outlined Defendants' December 11, 2023 letter opposing Plaintiff's request for a photo array (Dkt. No. 49). Defendants' letter informed the Court that Plaintiff had failed to meet and confer with Defendants prior to filing his initial motion for a photo array, and that they intended to serve *Valentin* interrogatories on Plaintiff to "clear up confusion as to who the remaining individuals are that Plaintiff seeks to sue." Dkt. No. 49 at 1. Defendants served Plaintiff with the *Valentin* interrogatories (Dkt. No. 55), but Plaintiff allegedly failed to submit proper responses to said interrogatories (Dkt. No. 77 at 2). Plaintiff now asks the Court to reconsider ordering Defendants to provide him with a photo array, but he merely reiterates the arguments raised in his initial motion requesting the photo array (Dkt. No. 46). Furthermore, Plaintiff does not explain how or why the *Valentin* interrogatories are insufficient to achieve what he seeks through the photo array, which is to identify the remaining individuals he seeks to sue. Plaintiff's Motion is untimely and without merit; it is thus denied in full.

**II.         Plaintiff's Motion for Summary Judgment on the Property Loss Claim**

Plaintiff previously requested that this Court grant him summary judgment on his property loss claim. Dkt. Nos. 34–35. The Court denied Plaintiff's motion because it found that there was a "dispute as to the material facts," and thus summary judgment at that stage of the

proceeding was inappropriate. Dkt. No. 69 at 4. The Court finds that this still holds true, and thus, for the same reasons as those stated in the Court's May 9, 2024 Order (Dkt. No. 69), Plaintiff's request is denied.

### III. Plaintiff's Request that the Court Appoint him a Pro Bono Attorney

Plaintiff also previously moved this Court to appoint *pro bono* counsel for "settlement purposes" on March 25, 2024. Dkt. No. 66. At that time, the Parties were engaged in discovery, and the Court held that appointing *pro bono* counsel would be inappropriate at that stage of the case. The Court thus denied Plaintiff's motion for *pro bono* counsel. Dkt. No. 67. The Parties' position in this matter remains unchanged (they are still engaged in discovery) and so does the Court's holding; the appointment of *pro bono* counsel is inappropriate at this stage in the case where the Parties are engaged in discovery. Therefore, for the same reasons as those stated in the Court's March 28, 2024 Order (Dkt. No. 67), Plaintiff's request is denied.

### IV. Defendants' Request for a Discovery Schedule

Contemporaneous with the filing of this Opinion, the Court will be referring this matter to Magistrate Judge Lehrburger for general pre-trial oversight ("GPT"). Defendants' request should be directed to Judge Lehrburger. Defendants' request is thus denied without prejudice, and the Court hereby grants Defendants leave to re-file its request before the appropriate judge.

### V. Defendants' Request for an Order Compelling Discovery

The Court construes Defendants' request for an order requiring "[P]laintiff to furnish responses to defendants' discovery demands" (Dkt. No. 77 at 1) as a motion to compel discovery. Defendants' motion to compel is not properly before the Court. Local Rule 37.1 requires any party moving to compel discovery to "specify and quote or set forth verbatim in the motion papers each discovery request and [allegedly deficient] response," as well as "the

8

grounds on which the moving party is entitled to prevail for each request or response." Here, Defendants failed to quote[1] or attach the discovery requests and responses at issue. Defendants also failed to explain why they are entitled to prevail on each discovery request. Therefore, Defendants' motion to compel discovery is denied without prejudice. Because this matter is being referred to Judge Lehrburger for GPT, should Defendants choose to re-file their motion to compel, they should direct that motion to Judge Lehrburger and ensure it conforms to that Court's Individual Practices.

### VI.   Defendants' Request for Leave to File a Motion for Judgment on the Pleadings

Defendants' request for leave to file a motion for judgment on the pleadings is not properly before the Court. This Court's Individual Practices require any party seeking leave to file a dispositive motion to first move this Court for a pre-motion conference. Defendants have failed to do so here, and thus denial is appropriate.

### C.  PLAINTIFF'S DISCOURTEOUS REMARKS

Separately, the Court is aware of the discourteous and disparaging remarks made by Plaintiff about both this Court and Defense Counsel. *See, e.g.,* Dkt. No. 82 at ¶ 11. The Court reminds Plaintiff that all parties appearing before the Court are required to treat each other and this Court with respect. Malicious statements against Defense Counsel, Defendants, and/or this Court will not be tolerated and is sanctionable. The Parties are encouraged to proceed in this matter with the respect and civility expected of those appearing before the Court.

---

[1] Defendants' Opposition refers vaguely to the "*Valentin* interrogatories" and "discovery demands" (Dkt. No. 77 at 1–3.) but neither term is defined anywhere in Defendants' brief or anywhere in the record.

## D. CONCLUSION

For the reasons set forth above, Plaintiff's Motion (Dkt. No. 76), request for a status conference (Dkt. No. 78), and request for a pro bono attorney (Dkt. No. 84) are hereby **DENIED**. Defendants' requests for a discovery schedule, and for leave to file a motion for judgment on the pleadings, are hereby **DENIED**; Defendants' request for an order compelling Plaintiff to answer Defendants' discovery demands is hereby **DENIED** with leave to re-file under the appropriate procedures. The Clerk of Court is respectfully directed to terminate the pending motion at Dkt. No. 76.

The parties are **ORDERED** to file a joint status report by **July 18, 2025**. The report should provide the Court with updates on the Parties progress on discovery, and the status of settlement discussions, if any, between the Parties.

**SO ORDERED.**

**Dated: June 30, 2025**
　　　**New York, New York**　　　　　　　　　　**ANDREW L. CARTER, JR.**
　　　　　　　　　　　　　　　　　　　　　　　　**United States District Judge**